UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| QURTIS MANDALE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 18-01-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| ON-DEMAND MAIL SERVICES, LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Qurtis Mandale Williams is a resident of Indianapolis, Indiana. Proceeding without an attorney, Williams has filed a complaint regarding the termination of his employment with On-Demand Mail Services, LLC ("ODMS"). [R. 2] This matter is before the Court to conduct a preliminary review of his complaint. 28 U.S.C. §§ 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds in Jones v. Bock*, 549 U.S. 199 (2007). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, Williams alleges that ODMS terminated his employment on December 28, 2016, after a female employee reported that Williams had exposed himself to her. Williams' complaint strongly suggests that he was working at ODMS' facility in Pontiac, Michigan at the time, although he indicates that ODMS also has a facility in Hebron, Kentucky.[1] Williams complains that the decision to terminate his employment was "destitute of fundamental constitutional prerequisites" because he was not contacted during the investigation, witnesses

---

[1] Venue for this action is arguably not proper in this district. If these events transpired in Pontiac, Michigan, 28 U.S.C. § 1391(b)(2) indicates that this action should have been filed in the United States District Court for the Eastern District of Michigan. Because the propriety of venue does not affect the Court's disposition of this case, it need not address the issue further.

may not have been interviewed, a report was not generated, and there is no indication that surveillance footage was reviewed. Williams contends that ODMS' actions were "a direct infringement of Petitioner's right to Due Process and Equal Protection amongst other things" and that the owners of the company (who are not named as defendants in the complaint) "failed to perform a statutorily imposed duty to enforce the laws equally and fairly, thereby den[ying] equal protection to person's (sic) legitimately exercising rights guaranteed them under state or federal law." [R. 2]

Williams does not identify the specific legal basis for his claims, but the Court liberally construes a *pro se* plaintiff's complaint to consider whether it includes any potentially viable legal claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). Williams' repeated characterization of the defendant's conduct as unconstitutional suggests a possible claim under 42 U.S.C. § 1983. However, any such claim fails as a matter of law for at least two reasons. First, ODMS is not a government entity or official, and hence its conduct cannot be undertaken "under color of state law." Conduct by private persons or entities, no matter how discriminatory or wrongful, is not actionable under Section 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). In addition, Williams' employment was terminated more than one year before he filed his complaint on January 3, 2018. A one-year statute of limitations applies to claims asserted under Section 1983 for claims arising out of conduct occurring in Kentucky. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Because Williams filed his complaint beyond this one-year period, his constitutional claims are also time barred. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Williams also contends that ODMS had a "statutorily imposed duty to enforce the laws equally and fairly ..." Williams does not identify the source of that duty, but Title VII of the Civil Rights Act, codified at 42 U.S.C. § 2000e, *et seq.*, prohibits disparate treatment,

harassment, and the creation of a hostile work environment. But before an aggrieved employee can file suit under the provisions of Title VII, he or she must first lodge a complaint with the EEOC within 180 days after the events complained of, § 2000e-5(e)(1), must receive a right-to-sue letter from the EEOC, and must file suit under Title VII within 90 days thereafter, § 2000e-5(f)(1). *Legnani v. Alitalia Linee Aeree Italiane, SPA*, 274 F.3d 683, 686 (2d Cir. 2001). The plaintiff's receipt of a right-to-sue letter is not jurisdictional, but it is a condition precedent to filing suit. *Portis v. State of Ohio*, 141 F.3d 632, 634 (6th Cir. 1998). Where, as here, the plaintiff's complaint does not indicate that he has obtained a right-to-sue letter regarding his employment claims *prior to filing suit*, the Court may dismiss the complaint without prejudice to his right to re-file a new complaint should he obtain a right-to-sue letter. Cf. *Ellis v. Morgan Co. Sheriff's Dept.*, No. 3:14-CV-140-PLR, 2014 WL 7408834, at \*2 (E.D. Tenn. Dec. 30 2014) (citing *Randolph v. Ohio Department of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006)).

Accordingly, it is **ORDERED** as follows:

1.      Williams' complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.

2.      The Court will enter a judgment contemporaneously with this order.

3.      This matter is **STRICKEN** from the docket.

This 18th day of January, 2018.

Signed By:
*William O. Bertelsman*  WOB
United States District Judge